IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DELORIS GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:05-CV-1022-SRW |
| | ) | |
| JO ANNE B. BARNHART | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

## I.  INTRODUCTION

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social

Security Act,  42 U.S.C. § 401, alleging that she was unable to work because of a disability.

Her application was denied at the initial administrative level.  The plaintiff then requested

and received a hearing before an Administrative Law Judge (ALJ).  Following the hearing,

the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for

review.  The ALJ's decision consequently became the final decision of the Commissioner of

Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3).

Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

and entry of a final judgment by the United States Magistrate Judge (Docs. #8-9, filed November 22, 2005).   Based on its review of the record and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[2] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3)  Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of Impairments*]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

_____

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ISSUES

The plaintiff was thirty-seven years old at the time of the hearing before the ALJ and has a ninth grade education.  The plaintiff's prior work experience includes work as a waitress, cashier, fast food worker, plant caretaker, housekeeper, and nurse's assistant.

---

[3]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

Following the administrative hearing, the ALJ concluded that the plaintiff had the following severe impairments: cephalgia, adjustment disorder with depressed mood, and borderline intellectual functioning.  He nonetheless concluded that the plaintiff was not disabled, because she was able to perform her past relevant work as a plant caretaker or housekeeper. The plaintiff presents one issue for review: whether the ALJ erred in finding that the plaintiff did not meet the requirements of Listing 12.05C of the *Listing of Impairments.*

## IV. DISCUSSION

The plaintiff argues that the ALJ did not properly support his finding that the plaintiff did not meet the requirements of Listing 12.05C of the *Listing of Impairments.*  Listing 12.05C provides that a claimant is disabled due to mental retardation if the claimant has "significantly subaverage general intellectual functioning *with deficits in adaptive functioning initially manifested during the developmental period* [i.e., before age 22]," and, in addition, has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or mental impairment imposing an additional and significant limitation of function."[4,5] *Listing of Impairments*, 12.00A, 12.05C (emphasis added).

---

[4] Under Listing 12.00B6c, if a given test generates multiple IQ scores, the lowest score is used. Under Listing 12.00A, a limitation of function is "significant" if it is "severe" within the meaning of 20 C.F.R. §§ 404.1520(c) and 416.920(c).

[5] In this case, the ALJ found that the plaintiff had an IQ of 69.  He also found that she had "additional and significant limitations of function" due to cephalgia and adjustment disorder (Tr. 27).  In doing so, he may have erred in the plaintiff's favor.  According to an examining physician, the plaintiff's headaches were "unexplained" (Tr. 128) and based only on "her description" (Tr. 127).  As such, they were not valid for consideration under 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms").  According to the American Psychiatric Association's *Diagnostic and Statistical Manual of Mental Disorders, Text Revision* (4th ed. 2000) (*DSM-IV-TR*), an adjustment

After a lengthy discussion, the ALJ concluded that the plaintiff was not disabled under Listing 12.05C because she did not have deficits in adaptive functioning initially manifesting before age 22 (Tr. 25-28).   In making this determination, the ALJ adopted the standard for deficits in adaptive functioning from the American Psychiatric Association's *Diagnostic and Statistical Manual of Mental Disorders* (4th Ed. 2000) (*DSM-IV*).   This requires "significant limitations of adaptive functioning" in at least two of the following areas: communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." *DSM-IV* at 39; *Witt v. Barnhart*, 446 F. Supp. 2d 886, 894 (N.D. Ill. 2006).   The ALJ found that the plaintiff possibly had childhood deficits in her functional academic skills, but that the evidence did not establish deficits in the other areas.   He cited evidence that the plaintiff completed the ninth grade in regular courses, maintaining a "C" average and not repeating any grades (Tr. 26).   *See Henry v. Barnhart*, 156 Fed. Appx. 171, 173 (11th Cir. Nov. 25, 2005) (fact that claimant took "some regular classes" with "low passing grades" supported a finding that the claimant did not meet the requirements of the mental retardation listing).   He also cited evidence that the plaintiff performed past relevant work (Tr. 27).   *See Listing of Impairments* 12.00D3 (in the context of disability based on mental disorders, "[i]nformation concerning [the claimant's] behavior during any attempt to work and the circumstances surrounding termination of [the claimant's] work effort are particularly useful in determining [the claimant's] ability or

---

disorder is a response to a specific stressor, and "by definition, must resolve within 6 months of the termination of the stressor (or its consequences)." *DSM-IV-TR* at 679.  Thus, the plaintiff's adjustment disorder may not have met the one year duration requirement of 20 C.F.R. § 404.1509.

inability to function in a work setting..."); *Williams v. Sullivan*, 970 F. Supp. 2d 1178, 1185 (3rd Cir. 1992) (ability to hold a job calls mental retardation into doubt); *Witt*, 446 F. Supp. 2d at 886.  The ALJ also gave considerable weight to a consultative examiner (Tr. 29), who found that the plaintiff was capable of doing unskilled work with supervision and was psychiatrically capable of "substantially gainful employment on a sustained basis" (Tr. 23). *See Sellers v. Barnhart*, 246 F. Supp. 2d 1201, 1208 (M.D. Ala. 2002) (physician's opinion that the plaintiff had the "requisite adaptive functioning necessary to be employed" supported the ALJ's finding that the plaintiff did not meet a listing under 12.05).   The court's independent review of the record supports the ALJ's findings (Tr. 69, 82-88, 122-25,  127, 130-31, 165, 167, 220-22, 226-27).  Thus, the ALJ's holding that the plaintiff did not suffer from deficits in adaptive functioning that manifested before the age of 22 is supported by substantial evidence.

The plaintiff cites the consultative examinations of Dr. Rene Britt (Tr. 129-35) and Dr. John Gam (Tr. 164-67) for the contrary proposition.  However, Dr. Britt diagnosed only "mild" mental retardation (Tr. 129) and Dr. Gam did not diagnose metal retardation at all, but only "borderline intellect" (Tr. 167).  The ALJ specifically discounted Dr. Britt's diagnosis of retardation (Tr. 29) for the reasons listed above, which were supported by the record.  *Crumpton v. Shalala*, 881 F. Supp. 547, 552 (N.D. Ala. 1994) (ALJ was entitled to discount the opinions of examining physicians if the record supported his findings); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *Trimble v. Secretary of Health and Human Services*, 1992 WL 235888 at *4 (N.D. Miss. Jul. 1, 1992).  The fact that the plaintiff

did unskilled work does not detract from the evidence that she was able to work at all, a fact which supported the ALJ's finding that the plaintiff did not have deficits in adaptive functioning sufficient to meet the requirements of listing 12.05. Finally, while a listing-level adult IQ score, when combined with another impairment, does carry a presumption that the plaintiff was mentally retarded before age 22, *Hodges v. Barnhart*, 276 F.3d 1265, 1268-69 (11th Cir. 2001), in this case the ALJ rebutted the presumption by citing evidence of the plaintiff's school performance and work history.  *See Bilka v. Commissioner of Social Security*, 252 F. Supp. 2d 472, 476 (N.D. Ohio 2002), *citing McDonald v. Secretary of Health and Human Services*, 1986 WL 16598 at *5 (6th Cir. Feb. 25, 1986).  The decision of the ALJ is not due to be reversed on this ground.

## V. CONCLUSION

The court has carefully and independently reviewed the record and concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed. A separate order will issue.

DONE, this 13th day of March, 2007.


/s/ Susan Russ Walker_____
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE